931 F.2d 54
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Betty A. HENZE, James K. Henze, Plaintiffs-Appellants,
v.
Pauline Elizabeth LAMBERTSON, Defendant-Appellee.
 No. 90-2086.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1991.
Decided April 22, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-87-2585-JFM)
 Sheldon M. Braiterman, Baltimore, Md., for appellants.
 Angus R. Everton, Montedonico & Mason, Chartered, Baltimore, Md., (Argued), for appellee; Alan M. Carlo, Montedonico & Mason, Chartered, Baltimore, on brief.
 D.Md.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and REBECCA BEACH SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellants Betty and James Henze brought this negligence action against appellee Pauline Lambertson for damages arising out of an automobile accident. The jury found for the Henzes on the issue of liability and awarded damages in the amount of $5,000 to Betty Henze and $7,500 to James Henze. The Henzes filed a motion for a new trial, arguing that the damage award was inadequate. The district court denied the motion.
 
 
 2
 On appeal, the Henzes challenge the denial of the motion for a new trial, an evidentiary ruling and several jury instructions. We find these assignments of error to be meritless. In addition, we see no error in the district court's refusal to grant a new trial as to James Henze. However, we hold that the district court did err in failing to give binding effect to the parties' stipulation that Betty Henze incurred $6,512.90 in reasonable and necessary medical expenses. Therefore, a new trial must be awarded on the issue of Betty Henze's damages unless upon remand the stipulation is given full effect.
 
 I.
 
 3
 As the facts are quite familiar to the parties, we shall proceed directly to the Henzes' contentions. The Henzes first argue that the district court abused its discretion in refusing to allow one of their medical experts, Dr. Lawrence Honick, to testify concerning Betty Henze's future medical expenses--primarily a knee operation. Lambertson objected, arguing 1) that the defense was not given notice of this testimony, 2) that Dr. Honick practices in Baltimore and therefore cannot testify as to the future cost of the surgery which would take place in New Jersey, and 3) that the testimony would be unduly prejudicial because there was no evidence that the need for the knee surgery was ever proximately caused by the Lambertson accident. The district court sustained the objection, and we find no abuse of discretion in its ruling.
 
 II.
 
 4
 During its deliberations, the jury sent out a note asking: "Do we consider the bills that have already been paid by the Insurance Co.?" After a conference call with counsel, the district court responded: "The question of whether an insurance company has paid a bill is irrelevant to your deliberations. Therefore, you may consider the bills that have already been paid by an insurance company." The Henzes contend that this response was in error.
 
 
 5
 We see no inaccuracy in this statement such as would necessitate a new trial. Though not the clearest response that could have been given, the district court's response was a fair description of Maryland law which holds that recovery of medical expenses is not precluded by the fact that these expenses have been paid by a collateral source such as medical insurance. See, e.g., Sainsbury v. Penn. Greyhound Lines, 183 F.2d 548, 550 (4th Cir.1950).
 
 III.
 
 6
 Next, the Henzes argue that the district court erred in failing to instruct the jury that defendant Lambertson was negligent as a matter of law and liable for any damages resulting from the accident.
 
 
 7
 We find no abuse of discretion here. Moreover, any error in failing to give the instruction was harmless because the jury found for the Henzes on the issue of liability.
 
 IV.
 
 8
 Finally, appellants maintain that the district court erred in refusing to grant a new trial because the damage award was inadequate as a matter of law.
 
 
 9
 As a general matter, we find no merit in this contention. The decision of whether to grant a new trial on the grounds of inadequate damages is a matter within the sound discretion of the district court and the court's decision should be overturned only in exceptional circumstances. Sykes v. McDowell, 786 F.2d 1098, 1105 (11th Cir.1986). Here, the jury awarded damages of $7,500 to James Henze and $5,000 to Betty Henze. Because Betty Henze had suffered injuries in an accident five years previous to the Lambertson accident, the central issue at trial was one of causation. The jury could have limited her award because it found that most of the damage suffered by Mrs. Henze resulted from the previous accident; we will not second guess the jury on this point.
 
 
 10
 James Henze's damage award was approximately $4,000 more than the amount of stipulated medical expenses, and there is scant independent testimony to the effect that Mr. Henze was unable to work for the three months that he remained off. Certainly, this award is not the sort that suggests that the jury abdicated its proper function.
 
 
 11
 However, the district court failed to accord full effect to the stipulation as to Betty Henze's medical expenses. Prior to trial, the parties stipulated that medical bills in the amounts of $3,525.37 for James Henze and $6,512.90 for Betty Henze were reasonable and necessary. We see no merit in Lambertson's argument that these stipulations left open the question of whether Betty Henze's expenses were attributable to the Lambertson accident or to the earlier accident. After the finding of liability, Betty Henze was, therefore, entitled to a minimum damage award of $6,512.90. Betty Henze's jury award was over $1,500 less than the stipulated amount. Because we are unable to ascertain what the jury award of $5,000 actually represented, we must assume that it included nothing for medical expenses. Therefore, a new trial solely on the issue of Betty Henze's damages will be awarded unless the defendant agrees to pay her the $5,000 jury award and the $6,512.90 in stipulated medical expenses for a total of $11,512.90. Such payment is necessary to remove any question as to whether the stipulation has been given full effect.
 
 V.
 
 12
 For the foregoing reasons, this case is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
 
 
 13
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.